FILED
AUG 16 2011
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| ED EMMANUEL KNOX,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES WALKER, Warden,<br><br>　　　　Respondent. | Case No. EDCV 09-1313-SVW (MLG)<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT FILED ON MAY 25, 2011 |

On April 26, 2011, an order and judgment was entered denying this petition for writ of habeas corpus.[1] On May 25, 2011, Petitioner filed a Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b). The motion is DENIED.

Pursuant to Rule 60(b), the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for a variety of reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3)

---

[1] Petitioner filed a notice of appeal on May 8, 2011. Pursuant to Fed.R.Civ.P. 62.1(a)(2), a district court may entertain and deny a timely motion for relief notwithstanding the filing of a notice of appeal.

fraud; (4) the judgment is void; (5) the judgment has been satisfied released or discharged; and (6) "any other reason justifying relief from the operation of the judgment." *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004). In this motion, Petitioner contends that relief from judgment is warranted because of the discovery of new evidence supporting his petition for writ of habeas corpus.

As noted in the Magistrate Judge's Report and Recommendation filed on January 11, 2011, four of Petitioner's claims for relief related to a .22 caliber clip[2] that Petitioner said was in his bedroom at the time the incident giving rise to the conviction occurred. Petitioner testified at trial that he had removed the clip from the .22 caliber automatic so that the victim would not be shot by Petitioner's accomplice, and that he erroneously assumed that the .38 caliber revolver, with which Petitioner subsequently shot the victim, was also not loaded. In the Report and Recommendation, the claims for relief relating to the clip were characterized as follows:

> Petitioner contends that the prosecutor committed misconduct by stating in closing argument that a .22 caliber clip was never found. (Pet. at 6A.) Petitioner also alleges that trial counsel was ineffective for: failing to investigate, discover and introduce the .22 caliber clip found in his apartment and to argue its importance (Grounds 1 and 2); and failing to object to alleged improper closing argument by the prosecutor regarding the .22 caliber clip (Ground 3).

---

[2] Petitioner correctly refers to the discovery of a magazine. In the petition and the Report and Recommendation, the item is described as a "clip" and will be so designated here.

(Report and Recommendation, p. 7.) In denying these claims for relief, it was noted by the Court that Petitioner had never established that a .22 caliber clip was found in his bedroom.

Following the filing of the Report and Recommendation on January 11, 2011, Petitioner obtained copies of the police investigative report of the shooting incident giving rise to his conviction.[3] That report states that a "22 caliber handgun, magazine from a semi-automatic handgun with ten live rounds in the magazine" was found in the master bedroom of Petitioner's apartment. Petitioner claims that because this conclusively establishes that the .22 caliber clip was in his bedroom, he is entitled to relief from judgment and a granting of the writ. Petitioner is mistaken.

Even accepting the fact that the clip was found in the bedroom,[4] relief from the judgment is not warranted. With respect to the three ineffective assistance of counsel claims, the Court already addressed these claims under the assumption that a clip had been found:

> Even assuming that a .22 caliber clip had been found in Petitioner's home after the shooting, Petitioner cannot show that he was prejudiced by trial counsel's failure to introduce it at trial. The evidence that a .22 caliber clip was found would have been largely tangential to Petitioner's defense that he accidentally shot the victim with a .38 revolver. The introduction of the .22 caliber clip would merely have shown that the .22 caliber gun used

---

[3] It appears that Petitioner somehow obtained a subpoena from the Court and served it upon the Riverside County Sheriff's Department. The records were apparently produced on March 25, 2011.

[4] It is not clear from the report whether the clip was inserted in the handgun when found or was found separate from the handgun.

3

>by McCoy may or may not have been loaded. It does not,
>however, provide much, if any, support for Petitioner's
>contention that he believed that the .38 caliber revolver
>that he used was not loaded. It is obvious that the jury
>disbelieved Petitioner's testimony that he did not intend
>to shoot the victim and that the gun went off accidentally.
>Furthermore, there was substantial evidence in the record,
>in the form of the testimony of Thompson and Jones, that
>Petitioner pointed the gun directly at Thompson and
>deliberately pulled the trigger. (2 RT at 393-96, 400-01,
>409-10, 415-16, 419-21, 424-28, 3 RT at 527-28, 552-67.)
>Accordingly, Petitioner has failed to show that the outcome
>of his trial would have been different if trial counsel had
>investigated and introduced into evidence a .22 caliber
>clip.

(Report and Recommendation, p. 12.)

The evidence that the clip was present in the bedroom does not warrant a different result on the ineffective assistance claims.

As to the claim that the new evidence establishes prosecutorial misconduct, the Court is still unable to find that the prosecutor's argument regarding the clip "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *Renderos v. Ryan*, 469 F.3d 788, 799 (9th Cir. 2006)(same). As noted in *Smith v. Phillips*, 455 U.S. 209, 219 (1982), "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."

Even assuming that the prosecutor's argument concerning the absence of a .22 caliber clip from Petitioner's bedroom can be characterized as misconduct, it cannot be said to have infected the trial with such unfairness so as to result in a due process violation because Petitioner cannot demonstrate actual prejudice. As noted above, Petitioner shot Thompson with a .38 caliber revolver, not the .22 automatic. Before the shots were fired, Petitioner and his accomplice pointed their weapons at the victims and discussed killing them and dumping their bodies in a canyon. The jury was required to determine whether the shooting was an accident or intentional. Given the issues in the case, the prosecutor's misstatement regarding the presence of the .22 caliber clip cannot be said to have rendered the trial fundamentally unfair. *Drayden v. White*, 232 F.3d 704, 713 (9th Cir. 2000) (citing *Darden*, 477 U.S. at 181); *Tan v. Runnels*, 413 F.3d 1101, 1113 (9th Cir. 2005).

Alternatively, any prosecutorial misconduct cannot be said to have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Fry v. Pliler*, 551 U.S. 112, 120-22 (2007); *see Fields v. Woodford*, 309 F.3d 1095, 1109 (9th Cir. 2002) ("If prosecutorial misconduct is established, and it was constitutional error, we then apply the *Brecht* harmless error test."). For the reasons stated earlier, the presence or absence of the .22 clip was simply tangential to the underlying credibility determination.

//
//
//
//

Petitioner has failed to demonstrate an entitlement to relief under Rule 60(b). The motion for relief from judgment is therefore DENIED.

Dated: August 16, 2011

_____
Stephen V. Wilson
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge